# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RONALD BOLEN JARRELL,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:06CV00690 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Ronald Bolen Jarrell, Pro se.*

Petitioner Ronald Bolen Jarrell, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2006). Jarrell challenges the validity of his confinement for a federal firearms conviction imposed in April 2004. Because I find that Jarrell has not stated any ground for relief under § 2255, I will summarily dismiss this action.

I

Jarrell pled guilty in this court to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g) and 924(e) (West 2000 & Supp. 2006). Finding that Jarrell had previously been convicted of three separate violent felonies, I sentenced Jarrell on April 15, 2004, to 180 months in prison, pursuant to § 924(e). Jarrell did not appeal.

Jarrell signed his § 2255 motion on November 17, 2006. In his motion, Jarrell's only claim for relief is that his prior convictions for breaking and entering unoccupied dwellings were not properly considered violent felonies to support enhancement of his sentence under § 924(e).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. Jarrell's conviction became final on or about April 29, 2004, when his opportunity to file a notice of appeal expired. *See United States v.*

*Clay*, 537 U.S. 522, 527 (2003). Because he did not file his § 2255 motion until November of 2006, it is clearly untimely under § 2255 para. 6(1). Jarrell makes several arguments in support of his assertion that the court should, nevertheless, address his claims on the merits.[1] I need not resolve these issues, however, because the single claim that Jarrell raises in his motion has no merit.

III

Under § 925(e), if a defendant convicted of possessing a firearm as a convicted felon has three prior convictions for violent felonies or serious drug offenses or both, the court must sentence the defendant to at least fifteen years imprisonment. As stated in the statute,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B). "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact

---

[1] Jarrell states that he could not file a § 2255 motion sooner because he was housed in a state prison facility and had no access to federal legal materials. He also states that his attorney misled him into believing that he had no right to challenge the validity of the federal sentence.

definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The prior burglary convictions on which I relied in sentencing Jarrell under § 924(e) clearly meet the *Taylor* definition of a violent felony.[2] Therefore, I find that Jarrell was properly sentenced.

IV

For the reasons stated, I find that Jarrell has not stated any ground for relief under § 2255. Accordingly, I must dismiss his present motion. An appropriate final order will be entered herewith.

                                DATED: December 2, 2006.

                                /s/ James P. Jones
                                Chief United States District Judge

---

[2] I enhanced Jarrell's sentence under § 924(e) based on three prior convictions for breaking and entering; in each case, Jarrell broke into a residence and stole property valued at more than $200. (Presentence Report, ¶¶ 24, 30, 32 and 34.)